BREAUX, C. J.
One question only is before us for decision in this case. It is whether Act No. 36, p. 27, of 1888, under which plaintiff organized, permits the incorporation of a body to act as the agent of persons or corporations?
The purpose of the corporation, as expressed in the charter, was:
“To. conduct the business of acting as agents and brokers in effecting fire, life, marine and all other kinds of insurance for any and all insurance companies in the transaction of the insurance business in all of its branches and generally to perform all things connected with the insurance agency business.”
The Alliance Assurance Company, domiciled abroad, appointed the Le Blanc & Bailey Company, Limited, its agents in the city of New Orleans to transact its fire insurance business, to issue and countersign policies, and act as do individual agents of insurance companies.
In other words, this company, instead of appointing a person as agent to represent it, proposes to do its business through a corporation which it seems has been organized for the purpose of doing such business as is usually done through individual agents.'
The Secretary of the State refused to issue a certificate to relators to authorize them to act as the agent of the Alliance Assurance Company, Limited, of London, in obtaining insurance for it.
The objection of respondent to issuing the certificate for which relator applied to him is that the charter is ultra vires of Act No. 36 of 1888, under which plaintiffs have organized themselves into a corporation. The further objection is urged that if, under the cited act, it be possible to form a corporation, and vest it with authority to act as the agent for persons and corporations other than itself, “it is still competent for the Legislature to adopt statutes prohibiting incorporated companies, organized for the purpose of acting as agents for other persons or other corporations, from acting at all as such agents,” as urged by respondent.
In order to determine whether the act quoted grants power enough to form companies to carry on the business of agents, we propounded the question: Can the language of the act be so interpreted as to bring an agency within the definition of the word “business” or “enterprise”? In answer we must say that we think it can be brought within the terms in question.
Factors may organize themselves into companies, limited, although they are in most respects only a particular kind of agency; brokers, who do not engage in stockjobbing, might, if they chose, organize themselves into companies to transact business for others —attorneys and others — whose business is that of agency.
True, the statute does not in terms authorize corporations to be formed to act as agents of other persons or other corporations, but it permits (that which is or must be eon *7 sidered its equivalent under the ordinary rules of interpretation) persons to form corporations to carry on business.
The business of agent is unquestionably lawful, as its legitimacy as an occupation presents no sort of ground of objection which can of itself possibly bring it under the ban of the law.
Prior to the date the cited act was enacted, the provisions of Act No. 125, p. 169, of 1880, placed restrictions upon business to be conducted by corporations, as will be seen by the following:
“No such corporation shall engage in mercantile or in commission, brokerage, stock jobbing, exchange, or banking business.”
The subsequent act does authorize corporations to be organized to carry on mercantile or commission and brokerage, not stockjobbing.
The restrictions of the prior act were removed to the extent mentioned in the subsequent act, and the business of agency, as well as of any other commercial business, must, under its terms, be considered as permitted and authorized by the last act.
If this business is not permitted, the question arises, what business is permitted? Why limit the permissive clause to one class of business, and exclude another class from its terms? We repeat:
What business shall be permitted and what business shall be excluded from the provision of the act? Respondent is in error in contending that the statute prohibits the business carried on by relator.
There are no terms of the statute excluding the business of agency. The court will not supply an exclusion of particular business and inclusion of other business within the terms of the statute, although the language includes both.
Because it is lawful for. a designated number of persons “to form themselves into and mstitute a corporation for the purpose of carrying on any lawful business or enterprise, not otherwise specially provided for and not inconsistent with the Constitution and laws of this state” (italics ours), it does not follow that the last act does not repeal all prior laws in conflict or inconsistent with the last act.
It were the merest supererogation to insert the phrase that the charter authorized to be adopted must not conflict with the Constitution nor with laws except to the extent that laws are repealed by the last act.
The word “mandate,” to which respondent invites our attention, refers, as we interpret' the article cited by respondent (article 2985), to personal mandate, whereby one person appoints another his special agent, or whereby one person gives “power to another to transact for him and in his name one or several affairs,” quoting from the article, but does not refer to the business of agency carried on under a charter adopted under the broad terms of the act of 1888.
It may be, as set up by respondent, that under the terms of the Code no one but a natural person has the right to act as the agent of another.
This is the extent of the prohibition. When the agent becomes general in its nature, and amounts to a business, the prohibition no longer applies, and corporations as well as natural persons can carry it on for the account of a principal.
We come to respondent’s contention that there is express prohibition • in article 441 of the Code against a corporation fulfilling any office.
The article invoked by respondent reads:
“A corporation cannot be administrator, guardian or testamentary executor, nor fulfill any other office o.f personal trust.”
The contention of respondent on this point is that no corporation can be organized under the provisions of Act No. 36 of 1888 to act as an agent in transacting the business of another where there was at the time of its. *9 passage any law of the state or article of the Constitution inconsistent with it.
There is no article of the Constitution inconsistent with it. The laws invoked, hoth as to mandate and office of personal trust, have a separate and distinct meaning; one arising from a contract of agency, and the other from an office which does not fall within the terms defining a business agency.
Relators are not occupying an office of personal trust; at any rate not in the sense intended to be conveyed by the last-cited article.
The prohibition extends to administrator, guardian, or testamentary executor and other offices of personal trust. The trust must relate back to “administrator, guardian, or testamentary executor, or other similar trust.”
A public office is an agency of the state. Plaintiff is not an agency of the state, but an agency of a corporation. ■ Under the rule which restricts all terms used to persons and things of the same kind — i. e., the rule ejusdem generis — it is not possible to take over words applying to certain fiduciary agents specially mentioned as applying to a business carried on in the interest of private individuals. It may be that it should be the policy of the state not to permit such business agencies. We have naught to do with questions of policy. We cannot impose restrictions where none exist.
For reasons assigned, the judgment is affirmed.